Pichowicz v. Atlantic Richfield        CV-92-388-M    12/30/96
                   UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


Nicholas and Joan Pichowicz, Plaintiffs,
and NH VT Health Service,
      Intervenor-Plaintiff,

      v.                                          Civil No. 92-388-M

Atlantic Richfield,
      Defendant/Counter-Claimant, and
Stephen Bronstein; James Fokas;
and Herbert Miller, Defendants/
      Cross-Claimants/Counter-Defendants.


                              O R D E R


      Plaintiffs, Nicholas and Joan Pichowicz, move for

reconsideration of the court's order dated September 25, 1996,

granting summary judgment in favor of defendants Stephen

Bronstein, James Fokas, and Herbert Miller as to plaintiffs'

state law claims for negligence and nuisance.  Having

reconsidered the matter, the court affirms its prior ruling.

      The original order said that plaintiffs' cursory response to

defendants' motion for summary judgment on their state law

negligence and nuisance claims was insufficient to carry their

burden and also noted that plaintiffs had failed to supplement

their response even after defendants pointed out the deficiency.

Now, in their motion to reconsider, plaintiffs make a belated

effort to point to the record to raise genuine issues of material fact that would preclude summary judgment. Their present factual showing, based on record references taken in the light most favorable to them, establishes only the following:

(1) the defendants, through Bronstein, made several purchases of commercial property before they bought the shopping center next to the Pichowiczs' property in June 1981;

(2) the defendants' expert witness believed that given Bronstein's general experience and background he was necessarily informed that septic systems could be problematic, and, Bronstein worked with civil engineers in the past on septic systems problems;

(3) Bronstein knew that two gasoline stations had operated on the property, did not know whether the gasoline tanks were still there, and did not look into the existence or condition of the tanks;

(4) Bronstein was aware of the poor physical condition of the shopping center and was concerned about possible environmental issues so he hired an engineering firm to investigate;

(5) the engineers' report stated, among other things, that the soil types listed on the county soil maps were favorable for

2

subsurface sewage disposal but that the soil types had not been confirmed by testing, and also revealed that the current well was in a very poor location relative to potential pollution, and the storage facilities were below standard;

(6) the shopping center property and septic system were uphill from the Pichowiczs' property;

(7) the defendants' expert's opinion was that in 1981 it was a good business practice to inquire about past users and uses of commercial property before purchase;

(8) the defendants employed the shopping center's manager who had served prior owners;

(9) the defendants excavated the old septic system as part of an upgrade to the property (although plaintiffs contend the area was near the site of the ARCO station, that is not confirmed in the record citation).

To prove their negligence claim, plaintiffs must be able to show "the existence of a duty flowing from the defendant[s] to the plaintiff[s] and that the defendant[s'] breach of that duty caused the injury for which the plaintiff seeks to recover." Hickingbotham v. Burke, 662 A.2d 297, 301 (N.H. 1995). In the familiar terms employed by the New Hampshire Supreme Court: "Duty and foreseeability are inextricably bound together. The risk

3

reasonably to be perceived defines the duty to be obeyed." <u>Corso</u> <u>v. Merrill</u>, 119 N.H. 647, 651 (1979).

On this record, plaintiffs still have not shown that the defendants failed to use reasonable care to avoid foreseeable harm to others. The facts plaintiffs point to do not establish that the defendants knew or reasonably should have known, while they owned the property, that hazardous substances, gasoline, or contaminants of any kind were on their property and posed a risk to the Pichowiczs. Plaintiffs argue that defendants breached a duty owed them by failing to fully investigate, but they have not demonstrated that the defendants knew or reasonably should have known that more investigation was necessary to avoid any reasonably foreseeable harm at that time.

Plaintiffs seem to be aware of the weakness of the duty element of their negligence claim and argue that New Hampshire environmental statutes, New Hampshire Revised Statutes Annotated chapters 146-A and 146-C, supply the relevant standard of conduct for their negligence claims. As defendants note, however, plaintiffs have not claimed a causal violation of any statute in their complaint. As no allegations of causal violations of the environmental statutes, which plaintiffs argue in their motion, are pled in their complaint, they have not asserted that claim.

4

See <u>Bagley v. Controlled Environment Corp.</u>, 127 N.H. 556, 562 (1986). Accordingly, plaintiffs' statutory references are unavailing to save their negligence claim from summary judgment.

Finally, plaintiffs again make no effort to explain or support their nuisance claim.

Plaintiffs' motion to reconsider (document no. 112) is denied.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

**December 30, 1996**

cc:   Linda J. Argenti, Esq.
      Joseph G. Abromovitz, Esq.
      M. Ellen LaBrecque, Esq.
      R. Steven Upton, Esq.
      Peter S. Wright, Jr., Esq.
      Thomas H. Richard, Esq.